IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02014-BNB

TORREY V. BANKS,

    Plaintiff,

v.

ARAPAHOE COUNTY DETENTION CENTER,
CHIEF WALCHER OF A.C.S.O.
LIEUTENANT KNIGHT OF A.C.S.O.,
SUPERVISOR LIBRARIAN SHEILA CLARK OF A.C.S.O.,
CAPTAIN JOHN DOE OF A.C.S.O., and
DEPUTY KRAUS OF A.C.S.O., Disciplinary Board Member,
DEPUTY GALLEGOS OF A.C.S.O. (Disciplinary Board Member),
DEPUTY JOHN DOE #1 (Disciplinary Board Member),
SERGEANT JOHN DOE OF A.C.S.O.,
ERIN, Librarian Employee of A.C.S.O.,
DEPUTY BENDICROFT of the A.C.S.O.,
DEPUTY JOHN DOE #2 of the A.C.S.O. (Disciplinary Board Member),
DEPUTY JOHN DOE #3 of the A.C.S.O. (Disciplinary Board Member),
OFFICER JANE DOE of Lakewood Police Department,
OFFICER JOHN DOE #1 of Lakewood Police Department, and
OFFICER JOHN DOE #2 of Lakewood Police Department,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Torrey V. Banks, currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado. He has filed *pro se* a twenty-eight-page Prisoner Complaint pursuant to 42 U.S.C. § 1983. He asks for money damages and declaratory and injunctive relief. Mr. Banks has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Banks' filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Banks will be directed to file an amended complaint.

Mr. Banks' complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Banks' complaint is verbose and the allegations in section "C. Nature of the Case" are disjointed, rambling, and disorganized. In addition, at times, his single-spaced handwriting makes reading and understanding his allegations difficult. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in

this Court be double-spaced and legible.  See D.C.COLO.LCivR 10.1E. and G.

Generally, Mr. Banks fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

It is Mr. Banks's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Banks must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  A long, chronological recitation of facts is not necessary.  Nor must the Court or defendants sift through Mr. Banks's verbose introduction to his claims to determine which allegations go with which claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Further, Mr. Banks may not sue the Arapahoe County Detention Center because it is not a separate entity from Arapahoe County and, therefore, is not a person under § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (unpublished).  Any claims asserted against the Arapahoe County Detention Center must be considered as asserted against Arapahoe County.

In addition, municipalities and municipal entities, such as Arapahoe County, are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Banks cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In the amended complaint he will be directed to file, Mr. Banks must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Banks must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Banks may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Banks uses fictitious names he must provide sufficient information about each

4

defendant so that he or she can be identified for purposes of service.

Lastly, the amended complaint Mr. Banks will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1. Mr. Banks will be given an opportunity to cure the deficiencies in his complaint by submitting a legible amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, sues the proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Torrey V. Banks, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that Mr. Banks shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the amended complaint. It is

FURTHER ORDERED that, if Mr. Banks fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 8, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge