IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02014-BNB

TORREY V. BANKS,

    Plaintiff,

v.

ARAPAHOE COUNTY DETENTION CENTER,
CHIEF WALCHER OF A.C.S.O.
LIEUTENANT KNIGHT OF A.C.S.O.,
SUPERVISOR LIBRARIAN SHEILA CLARK OF A.C.S.O.,
CAPTAIN JOHN DOE OF A.C.S.O., and
DEPUTY KRAUS OF A.C.S.O., Disciplinary Board Member,
DEPUTY GALLEGOS OF A.C.S.O. (Disciplinary Board Member),
DEPUTY JOHN DOE #1 (Disciplinary Board Member),
SERGEANT JOHN DOE OF A.C.S.O.,
ERIN, Librarian Employee of A.C.S.O.,
DEPUTY BENDICROFT of the A.C.S.O.,
DEPUTY JOHN DOE #2 of the A.C.S.O. (Disciplinary Board Member),
DEPUTY JOHN DOE #3 of the A.C.S.O. (Disciplinary Board Member),
OFFICER JANE DOE of Lakewood Police Department,
OFFICER JOHN DOE #1 of Lakewood Police Department, and
OFFICER JOHN DOE #2 of Lakewood Police Department,

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND
GRANTING MOTION FOR EXTENSION OF TIME

---

    Plaintiff, Torrey V. Banks, currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado. He initiated this action by filing *pro se* a twenty-eight-page Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and declaratory and injunctive relief. On November 8, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Banks to file within thirty days an amended complaint that sued the proper parties and complied with the pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure.  ECF No. 20.

On December 6, 2012, Mr. Banks filed an eleven-page combined motion titled "Motion for Preliminary Injunctive Relief" and "Motion for an 'Extension' to Amend Complaint" (ECF No. 23).  The Court has done its best to comprehend and summarize the December 6 motions.

In addition to providing a five-page background on the procedural status of this case, Mr. Banks contends the United States Marshals Service did not return him to his original place of confinement upon the conclusion of his criminal case in this Court. *United States v. Banks*, No. 02-cr-00109-WYD-1 (D. Colo. Dec. 17, 2009).  In that case, Mr. Banks' supervised release was revoked and he was ordered imprisoned for eleven months.  He contends not being returned to his original place of confinement jeopardizes his ability to litigate the instant action effectively because he has been ordered to file an amended complaint with this Court by December 8, 2012.  ECF No. 23 at 6.  He also refers to exhibits which are not attached to the motion for a preliminary injunction.

The Court must construe the motions liberally because Mr. Banks is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion for a preliminary injunction will be denied.  The motion for an extension of time will be granted.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues,

that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  Because Mr. Banks is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

Mr. Banks' allegations do not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for injunctive relief will be denied.  However, Mr. Banks' motion for an extension of time in which to file the amended complaint will be granted.

Accordingly, it is

ORDERED that the portion of the combined motion titled "Motion for Preliminary

Injunctive Relief" (ECF No. 23) that Plaintiff, Torrey V. Banks, filed on December 6, 2012, is denied.  It is

FURTHER ORDERED that the portion of the combined motion titled and "Motion for an 'Extension' to Amend Complaint" that Mr. Banks filed on December 6 is granted.  It is

FURTHER ORDERED that Mr. Banks will be allowed **thirty (30) days from the date of this order** in which to submit an amended complaint that complies with the order of November 8, 2012.  Failure to do so within the time allowed will result in the dismissal of the instant action.

DATED at Denver, Colorado, this  10th  day of    December       , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court