IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 12-cv-02014-BNB

TORREY V. BANKS,

      Plaintiff,

v.

ARAPAHOE COUNTY DETENTION CENTER,
CHIEF WALCHER OF A.C.S.O.
LIEUTENANT KNIGHT OF A.C.S.O.,
SUPERVISOR LIBRARIAN SHEILA CLARK OF A.C.S.O.,
CAPTAIN JOHN DOE OF A.C.S.O., and
DEPUTY KRAUS OF A.C.S.O., Disciplinary Board Member,
DEPUTY GALLEGOS OF A.C.S.O. (Disciplinary Board Member),
DEPUTY JOHN DOE #1 (Disciplinary Board Member),
SERGEANT JOHN DOE OF A.C.S.O.,
ERIN, Librarian Employee of A.C.S.O.,
DEPUTY BENDICROFT of the A.C.S.O.,
DEPUTY JOHN DOE #2 of the A.C.S.O. (Disciplinary Board Member),
DEPUTY JOHN DOE #3 of the A.C.S.O. (Disciplinary Board Member),
OFFICER JANE DOE of Lakewood Police Department,
OFFICER JOHN DOE #1 of Lakewood Police Department, and
OFFICER JOHN DOE #2 of Lakewood Police Department,

      Defendants.

---

ORDER DENYING SECOND MOTION FOR PRELIMINARY INJUNCTION AND
GRANTING MOTION FOR EXTENSION OF TIME

---

      Plaintiff, Torrey V. Banks, is a prisoner in the custody of the Colorado

Department of Corrections currently incarcerated at the Colorado State Penitentiary in

Cañon City, Colorado.  ECF No. 35.  He initiated this action by filing *pro se* a twenty-

eight-page Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money

damages and declaratory and injunctive relief.  On November 8, 2012, Magistrate

Judge Boyd N. Boland ordered Mr. Banks to file within thirty days an amended

complaint that sued the proper parties and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  ECF No. 20.  On December 10, 2012, Mr. Banks was granted a thirty-day extension of time to do so.  ECF No. 24.  He has not yet filed the amended complaint and, instead, has filed motions for extension of time, addressed below.

On January 2, 2013, Mr. Banks filed his second motion for a temporary restraining order and preliminary injunction (ECF No. 33).  His first motion for injunction was filed on December 6, 2012 (ECF No. 23), and denied on December 10, 2012.  ECF No. 24.

The Court must construe liberally the January 2 motion for a temporary restraining order and preliminary injunction because Mr. Banks is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion for a preliminary injunction will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

2

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action--a mandatory preliminary injunction--before a trial on the merits occurs."  *Id.*  Because Mr. Banks is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

Mr. Banks alleges that he has been denied care for an unspecified "serious medical need."  *See* ECF No. 33.  The allegations in the motion for a temporary restraining order and preliminary injunction are unrelated to the allegations in the complaint.

Mr. Banks' allegations do not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the second motion for a temporary restraining order and preliminary injunction will be denied.

In addition, Mr. Banks has filed two motions for an extension of time in which to file the amended complaint.  *See* ECF Nos. 32 and 35.   The motion for extension of time filed on January 9, 2013 (ECF No. 35), will be granted.  The motion for extension of time filed on January 2, 2013, and actually titled "Notice of Appeal" (ECF No. 32), will be denied as moot.

Accordingly, it is

ORDERED that the second motion for a temporary restraining order and preliminary injunction (ECF No. 33) filed on January 2, 2013, is denied.  It is

FURTHER ORDERED that the motion filed on January 9, 2013 (ECF No. 35), seeking an extension of time in which to file an amended complaint is granted.  It is

FURTHER ORDERED that the motion filed on January 2, 2013 (ECF No. 32), titled "Notice of Appeal" (ECF No. 32), which also seeks an extension of time in which to file an amended complaint is denied as moot.

FURTHER ORDERED that Mr. Banks will be allowed **thirty (30) days from the date of this order** in which to submit an amended complaint that complies with the order of November 8, 2012.  Failure to do so within the time allowed will result in the dismissal of the instant action.

DATED January 11, 2013, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4