IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02014-BNB

TORREY V. BANKS,

    Plaintiff,

v.

OFFICER JOHN DOE (SUPERVISOR) OF LAKEWOOD POLICE DEPT.,
OFFICER JANE DOE OF LAKEWOOD POLICE DEPT.,
OFFICER JOHN DOE #1 OF LAKEWOOD POLICE DEPT.,
OFFICER JOHN DOE #2 OF LAKEWOOD POLICE DEPT.,
CITY OF LAKEWOOD,
ARAPAHOE COUNTY,
CHIEF WALCHER OF A.C.S.O.,
LIEUTENANT KNIGHT OF A.C.S.O.,
SUPERVISOR SHEILA CLARK OF A.C.S.O.,
JANE DOE OF A.C.S.O. (PSYCHOLOGY DEPT.),
DEPUTY KRAUS OF A.C.S.O. (DISCIPLINARY BOARD MEMBER),
DEPUTY JOHN DOE #1 (DISCIPLINARY BOARD MEMBER),
DEPUTY JOHN DOE #2 of A.C.S.O. (DISCIPLINARY BOARD MEMBER),
DEPUTY BENDICRAFT OF A.C.S.O.,
ERIN LIBRARIAN (EMPLOYEE) OF A.C.S.O.,
STATE OF COLORADO,
RON WAGER (ASSISTANT WARDEN) OF CDOC,
A. MEDINA (WARDEN AND DEPUTY DIRECTOR) OF CDOC,
CAPTAIN KATZENMEYER OF CDOC,
C/M III S. ORTIZ (AD SEG HEARINGS OFFICER) OF CDOC,
C/M CHAVEZ (AD SEG HEARINGS OFFICER) OF CDOC,
C/M BRANDT (AD SEG. HEARINGS OFFICER) OF CDOC,
LT. LAWSON (DISCIPLINARY HEARINGS OFFICER) OF CDOC,
JERRY SCOLLARD (ACTING MENTAL HEALTH SUPERVISOR) OF CDOC,
STEPHANIE ENGLAR (CONTRACT WORKER) OF CDOC,
C/O YVETTE MAES OF CDOC,
CAPTAIN DIANE QUATTLEBAUM OF CDOC,
C/O HOLMES OF CDOC,
C/O KEN DUNDER OF CDOC,
C/O LEIA ESTRADA OF CDOC,
LT. PETER ANDERSON (DISCIPLINARY HEARING OFFICER) OF CDOC,
JACQUELINE MCCALL (ADMINISTRATIVE HEAD) OF CDOC, and
C/O JENNIFER MALEBRANCHE OF CDOC,

    Defendants.

ORDER OF DISMISSAL

Plaintiff, Torrey V. Banks, was incarcerated at the Jefferson County Detention Facility in Golden, Colorado, when he filed *pro se* a twenty-eight-page Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages and declaratory and injunctive relief against sixteen Defendants. He since has informed the Court that he is a prisoner in the custody of the Colorado Department of Corrections and incarcerated at the Colorado State Penitentiary. Mr. Banks has been granted leave to proceed pursuant to 28 U.S.C. § 1915. *See* ECF No. 12.

On November 8, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 20) directing Mr. Banks to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, was legible in compliance with Rule 10.1 of the Local Rules of Practice for this Court, sued the proper parties, and asserted the personal participation of each named Defendant. Since then, the Court has granted Banks' extensions of time to file the amended complaint. *See* ECF Nos. 24, 30, and 36. On February 5, 2013, Mr. Banks filed the amended complaint (ECF No. 41).

The Court must construe Mr. Banks' amended complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

Mr. Banks' amended complaint appears to stem from charges being filed against him for allegedly masturbating in his parked car during a lunch break at work and, as a result of the charges, being fired from his job. Mr. Banks contends that in August 2010, the charges were dismissed with prejudice. He then makes confusing allegations concerning the same or possibly additional charges filed against him for indecent exposure to a minor fifteen years old or younger, which were reduced to charges of public indecency.

In any event, like the complaint he originally filed, Mr. Banks' amended complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8. The amended complaint has grown to ninety-one pages and names thirty-three individuals and entities as Defendants. Mr. Banks basically has disbanded the organization provided by the prisoner complaint form he was ordered to use, *see* ECF No. 20 at 5-6, and substituted his own, dividing the amended complaint into three sections that provide background information on the nature of the case, a section to which Mr. Banks refers as the cause of action, and the request for relief in the form of money damages and injunctive relief. Mr. Banks has failed to use the prisoner complaint format to assert his claims in a clear and concise manner. Mr. Banks' amended complaint is verbose, disjointed, rambling, disorganized, and does not clearly allege the personal participation of each named Defendant.

As Mr. Banks was told in the November 8 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Banks' unnecessarily verbose and disorganized amended complaint violates the pleading requirements of Fed. R. Civ. P. 8. The amended complaint fails to provide "a generalized statement of the facts from which a defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As Magistrate Judge Boland explained to Mr. Banks in the November 8 order, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Banks has failed to meet his responsibility to present his claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. He also has failed to allege – simply and concisely – his specific claims for relief, including the specific

rights allegedly violated and the specific acts of each Defendant that allegedly violated his rights. As Magistrate Judge Boland informed Mr. Banks in the November 8 order, the Court does not require a long, chronological recitation of facts. Nor should the Court or Defendants be required to sift through Mr. Banks' verbose allegations to determine which allegations go with which claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8, and must be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Banks files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 41) filed on February 5, 2013, and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Torrey V. Banks, to comply with the pleading requirements of Rule 8 and the directives of the order of November 8, 2012, for an amended complaint. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  22nd  day of      February         , 2013.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court