IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02014-LTB

TORREY V. BANKS,

    Plaintiff,

v.

OFFICER JOHN DOE (SUPERVISOR) OF LAKEWOOD POLICE DEPT.,
OFFICER JANE DOE OF LAKEWOOD POLICE DEPT.,
OFFICER JOHN DOE #1 OF LAKEWOOD POLICE DEPT.,
OFFICER JOHN DOE #2 OF LAKEWOOD POLICE DEPT.,
CITY OF LAKEWOOD,
ARAPAHOE COUNTY,
CHIEF WALCHER OF A.C.S.O.,
LIEUTENANT KNIGHT OF A.C.S.O.,
SUPERVISOR SHEILA CLARK OF A.C.S.O.,
JANE DOE OF A.C.S.O. (PSYCHOLOGY DEPT.),
DEPUTY KRAUS OF A.C.S.O. (DISCIPLINARY BOARD MEMBER),
DEPUTY JOHN DOE #1 (DISCIPLINARY BOARD MEMBER),
DEPUTY JOHN DOE #2 of A.C.S.O. (DISCIPLINARY BOARD MEMBER),
DEPUTY BENDICRAFT OF A.C.S.O.,
ERIN LIBRARIAN (EMPLOYEE) OF A.C.S.O.,
STATE OF COLORADO,
RON WAGER (ASSISTANT WARDEN) OF CDOC,
A. MEDINA (WARDEN AND DEPUTY DIRECTOR) OF CDOC,
CAPTAIN KATZENMEYER OF CDOC,
C/M III S. ORTIZ (AD SEG HEARINGS OFFICER) OF CDOC,
C/M CHAVEZ (AD SEG HEARINGS OFFICER) OF CDOC,
C/M BRANDT (AD SEG. HEARINGS OFFICER) OF CDOC,
LT. LAWSON (DISCIPLINARY HEARINGS OFFICER) OF CDOC,
JERRY SCOLLARD (ACTING MENTAL HEALTH SUPERVISOR) OF CDOC,
STEPHANIE ENGLAR (CONTRACT WORKER) OF CDOC,
C/O YVETTE MAES OF CDOC,
CAPTAIN DIANE QUATTLEBAUM OF CDOC,
C/O HOLMES OF CDOC,
C/O KEN DUNDER OF CDOC,
C/O LEIA ESTRADA OF CDOC,
LT. PETER ANDERSON (DISCIPLINARY HEARING OFFICER) OF CDOC,
JACQUELINE MCCALL (ADMINISTRATIVE HEAD) OF CDOC, and
C/O JENNIFER MALEBRANCHE OF CDOC,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Torrey V. Banks, filed *pro se* on March 1, 2013, a motion to reconsider (ECF No. 53) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on February 22, 2013. The Court must construe the motion to reconsider liberally because Mr. Banks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the petition will be construed liberally as a motion to reconsider, and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Banks' motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th

Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice pursuant to Fed. R. Civ. P. 8 and 41(b) for Mr. Banks' failure to file an amended complaint that complied with the pleading requirements of Rule 8 and the directives of the order of November 8, 2012, for an amended complaint. The February 22 dismissal order discusses in greater detail the reasons for the dismissal.

After consideration of the motion and the entire file, the Court finds that Mr. Banks fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The motion for reconsideration does not alter the Court's conclusion that this action properly was dismissed. Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion to reconsider (ECF No. 53) which Plaintiff, Torrey V. Banks, filed *pro se* on March 11, 2013, is denied. It is

FURTHER ORDERED that the prisoner's motion and affidavit for leave to proceed on appeal pursuant to 28 U.S.C. § 1915 (ECF No. 52) Mr. Banks filed on March 8, 2013, is denied as moot. The dismissal order of February 22, 2012, already

denied Mr. Banks leave to proceed *in forma pauperis* pursuant to § 1915 on appeal.

DATED at Denver, Colorado, this  29th  day of   March  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court